**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-25323-RAR**

**WILLIAM RODRIGUEZ RODRIGUEZ,**

Petitioner,

v.

**KROME NORTH SERVICE PROCESSING CENTER**, *Warden, et al.*,

Respondents.
_________________________________________/

**ORDER CLOSING CASE**

**THIS CAUSE** comes before the Court upon *sua sponte* review of the docket. On July 27, 2026, [1] Petitioner William Rodriguez Rodriguez filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], challenging the constitutionality of his detention in the custody of U.S. Immigration and Customs Enforcement. *See generally id.* On August 7, 2026, the Court determined that Petitioner "neither paid the [Clerk's] filing fee nor filed a motion to proceed *in forma pauperis*." Order, [ECF No. 4] at 1 (cleaned up; emphasis in original). The Court granted Petitioner leave to "*either* pay the Clerk's filing fee of $5.00 *or*, in the alternative, file a legally sufficient motion to proceed *in forma pauperis*" by **August 21, 2026**. *Id.* at 2 (emphasis in original). The Court warned Petitioner that "[f]ailure to either timely pay the filing fee or file a legally sufficient IFP Motion w[ould] result in the dismissal of the Petition." *Id.* at 2 (cleaned up; citing FED. R. CIV. P. 41(b)).

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

The deadline for Petitioner to file an amended petition has long passed. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if a party fails to prosecute his or her case or otherwise fails to comply with the court's orders. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))). Accordingly, since Petitioner has failed to resolve the filing-fee issue by the August 21, 2026 deadline, this case must be dismissed.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that this case shall be **DISMISSED** ***without prejudice*** for failure to prosecute and for failure to comply with this Court's Orders. *See* FED. R. CIV. P. 41(b). All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 4th day of September, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: William Rodriguez Rodriguez
A# 064374722
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE